UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEMARLON CENAKA THOMAS,

    *Petitioner*,

v.

UNITED STATES OF AMERICA,

    *Respondent*.
_____/

CRIMINAL CASE NO. 07-CR-20531-5
CIVIL CASE NO. 11-CV-13342

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE**
(Doc. 273)

## I.  RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **DENIED**.

## II.  REPORT

### A.  Introduction

Pending, pursuant to an order of reference from United States District Judge Thomas L. Ludington (Doc. 275), is the above-entitled motion filed pursuant to 28 U.S.C. § 2255 to vacate Damarlon Cenaka Thomas's federal custodial sentence. Respondent submitted a response (Doc. 277) and Petitioner Thomas (hereafter "Thomas") filed a reply (Doc. 279). Therefore, I conclude that, pursuant to E.D. Mich. LR 7.1(f)(2), this motion is ready for Report and Recommendation without oral argument.

**B.     Background**

Thomas was charged in four counts of a twenty-nine count First Superseding Indictment with: conspiracy to distribute 50 grams or more of cocaine base, commonly known as crack cocaine, in violation of 21 U.S.C. § 846 (Count 1); distribution of less than five grams of a substance containing cocaine base (crack cocaine) on June 7, 2007, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count 6); distribution of 5 grams or more of a substance containing cocaine base (crack cocaine) on June 19, 2007, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) (Count 9); distribution and aiding and abetting distribution of less than 5 grams of a substance containing cocaine base (crack cocaine) on July 2, 2007, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count 11). On July 10, 2008, a Notice of Penalty Enhancement was filed pursuant to 21 U.S.C. § 851, indicating that Thomas had been previously convicted of a felony drug offense and thus was subject to enhanced penalty provisions. (Doc. 136.)

On August 12, 2008, Thomas pleaded guilty to Count 9 of the First Superseding Indictment and the remaining charges were dismissed as provided in the Rule 11 plea agreement. (Doc. 152.) Under the heading of "stipulations," the Rule 11 plea agreement stated that on June 19, 2007, Thomas "knowingly distributed approximately 7.2 grams of cocaine base, commonly known as 'crack cocaine' to a confidential informant in or around Saginaw, Michigan [and that] defendant is responsible for a total of 14.88 grams of crack cocaine." (Doc. 152 at 2.) In addition, the agreement denoted a stipulation that Thomas "is a career criminal for purposes of computing his advisory guideline range, having been twice convicted of delivery of less than 50 grams of cocaine base in the 10th Judicial Circuit Court for the State of Michigan." (*Id.*) The agreement further noted that there were no sentencing guideline disputes and that the applicable range was 262 to

327 months. (Doc. 152 at 3.) The agreement also stated that the "Court **must impose a sentence of imprisonment on Count 9 of at least 10 years.**" (Doc. 152 at 5 (emphasis in original).[1])

Thomas appeared for sentencing on November 20, 2008, and judgment was entered on November 25, 2008, committing Thomas to the Bureau of Prisons for 230 months. (Doc. 193.)

On August 25, 2010, the Sixth Circuit rejected Thomas's argument that his "below-the-Sentencing-Guideline sentence was substantively unreasonable given his minor role as a street-level dealer" and affirmed the district court's sentence. (Doc. 256 at 1.) The Sixth Circuit noted that the district court had expressly addressed Thomas's argument that his categorization as a career offender overstated his actual criminal history and the Sixth Circuit affirmed that Thomas was properly designated as a career offender and sentenced accordingly. (Doc. 256 at 3-4, 9.) The Sixth Circuit affirmed the 230-month sentence because it was imposed "after appropriately calculating the Guidelines range, explicitly considering the pertinent factors, and determining that the § 3553(a) factors justified a 32-month downward variance." (Doc. 152 at 12.)

### C.     Arguments of the Parties

Thomas argues that his trial counsel was ineffective "when failing to identify that the defendant was convicted to the lenient from [sic] of cocaine base." (Doc. 273 at 4.) Thomas contends that counsel advised him that "cocaine base is synonymous with crack," even though Amendment 487 to the sentencing guidelines makes "clear that not all cocaine base is crack." (Doc. 273 at 9.) Thomas argues further that he was "indeed prejudiced, because he would not have faced a statutory minimum or enhanced sentence for the crack form of cocaine base had it not been for the constitutional breakdown in Trial Counsel's representation." (Doc. 273 at 11.)

---

[1] This requirement stems from Thomas's status as a career offender, doubling the mandatory statutory minimum from 5 years to 10 years. 21 U.S.C. §§ 841(b)(1)(B)(iii). At the time Thomas was charged, this section applied to distribution of 5 grams or more of a substance containing cocaine base. This section was amended in 2010 to replace 5 grams with 28 grams.

3

The government responds that the guideline distinction between cocaine base and crack does not affect the statutory minimum; thus, any error by counsel could not have prejudiced Thomas. (Doc. 277 at 5-6.) In addition, the government notes that Thomas did not receive a higher guideline range based on distribution of crack, but rather because he was a career offender and that enhancement is not dependent on the form of controlled substance distributed. (Doc. 277 at 6-7.) Thus, any failure of counsel to distinguish between crack and cocaine base could not have affected the career offender enhancement, nor could it have prejudiced Thomas. (Doc. 277 at 7-8.)

**D.     Thomas's § 2255 Motion**

**1.     Governing Law**

In order to prevail on a motion brought under 28 U.S.C. § 2255, a petitioner must show a "fundamental defect which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A section 2255 motion is not a substitute for a direct appeal. When a petitioner raises a claim that he failed to raise at the appellate level, a court is generally precluded from reviewing the merits of such a claim unless a petitioner can show: (1) cause for his failure to raise the claim earlier in a direct appeal; and (2) actual prejudice stemming from the alleged violation or actual innocence. *Reed v. Farley*, 512 U.S. 339, 354-55, 114 S. Ct. 2291, 129 L. Ed. 2d 277 (1994); *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1981). A post-conviction motion under section 2255 is the proper vehicle for raising claims of ineffective assistance of counsel in the first instance. *United States v. Crowe*, 291 F.3d 884, 886 (6th Cir. 2002) (citing *United States v. Wunder,* 919 F.2d 34, 37 (6th Cir. 1990)).

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

In *Strickland*, the Court enunciated a two-pronged test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense – not what bears a false label of 'strategy' – based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id*. at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id*. at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process.

In *Lockhart v. Fretwell*, 506 U.S. 364, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993), the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

5

*Lockhart*, 506 U.S. at 369 (citations omitted).

Ineffective assistance of counsel claims "may be brought in a collateral proceeding under § 2255 whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003).

### 2. Analysis and Conclusions

As noted at the sentencing hearing, Thomas's base offense level was initially calculated at level 24, since he distributed between 5 and 20 grams of cocaine base under U.S.S.G. § 2D1.1(8). (Doc. 152 at 11.) Thomas's status as a career offender elevated the offense level to 37. (Doc. 220 at 3; U.S.S.G. § 4B1.1(b)(A).) After giving Thomas a three-level reduction for acceptance of responsibility, the offense level score became 34. As a career offender, Thomas's criminal history level was VI. U.S.S.G. § 4B1.1(b). The resulting guideline range was 262 to 327 months. (Doc. 220 at 3-4; Doc. 152 at 3.) The sentence imposed upon Thomas was 32 months below the lowest end of the guideline range, i.e., 230 months.

Thomas does not challenge his status as a career offender. Thomas's sole contention is that his trial counsel was ineffective for failing to recognize, advise him, and argue Amendment 487's distinction between cocaine base and crack cocaine relative to his sentencing. (Doc. 273.)

Amendment 487 was the 1993 Amendment to U.S.S.G. § 2D1.1, which provided the following definition:

> "Cocaine base," for the purposes of this guideline, means "crack." "Crack" is the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rocklike form.

U.S.S.G. § 2D1.1(c)(D). The notes to the 1993 Amendment explain that, under this amendment, "forms of cocaine base other than crack (e.g., coca paste, an intermediate step in the processing

6

of coca leaves into cocaine hydrochloride, scientifically is a base form of cocaine, but it is not crack) will be treated as cocaine."

I note that Thomas stipulated in the Rule 11 plea agreement that he "knowingly distributed approximately 7.2 grams of cocaine base, commonly known as 'crack cocaine' to a confidential informant in or around Saginaw, Michigan [and that] defendant is responsible for a total of 14.88 grams of crack cocaine." (Doc. 152 at 2.) I further note that although Thomas speaks of the confusion created by equating cocaine base with crack, he does not argue that the substance he distributed was coca paste or any other form of cocaine base that is different from crack. (Doc. 273 at 8-11.)

I therefore suggest that counsel could not have been ineffective for failing to require the government to prove that the controlled substance was crack cocaine when Thomas acknowledged that the substance was crack cocaine and has not argued any differently in his petition. *See Burkhalter v. United States,* 203 F.3d 1096, 1098 (8th Cir. 2000) ("we cannot say that it was unreasonable for counsel to accept his client's admission that these substances were crack cocaine," especially where defendant was "experienced in handling crack cocaine"); *United States v. Diaz*, 176 F.3d 52, 119 (2d Cir. 1999) (trial court did not err in finding cocaine attributed to defendant was crack because he did not object at sentencing when court referred to the drug as crack).

Even assuming, *arguendo*, that Thomas did challenge whether the substance he distributed was crack, as opposed to some other form of cocaine base, the result would be the same. The career offender provision requires that the offense variable be set at 37 for any offense for which the maximum penalty is life imprisonment. U.S.S.G. §4B1.1(b)(A). Regardless of what effect the form of cocaine distributed might have had on the offense level, a career offender charged with

7

a crime for which the maximum punishment is life imprisonment will always be at an offense level of 37. I therefore suggest that Thomas cannot show any prejudice from counsel's failure to distinguish at sentencing between the various forms of cocaine base as defined in Amendment 487.

I further suggest that even if Thomas had challenged whether he distributed some form of cocaine base different from crack for purposes of his conviction under § 841 and the statutory maximums found therein, the result would be the same. As noted by the government, the United States Supreme Court has held that "the term 'cocaine base' as used in § 841(b)(1) means not just 'crack cocaine,' but cocaine in its chemically base form." *DePierre v. United States*, ___ U.S. ___, 131 S. Ct. 2225, 2237, 180 L. Ed. 2d 114 (2011). Therefore, Thomas could not have been prejudiced by any failure to distinguish crack cocaine from other forms of cocaine base.

Accordingly, I suggest that Thomas's motion to vacate sentence be denied.

### E.   Evidentiary Hearing

Thomas contends that he is entitled to an evidentiary hearing because "the present record does not, on it face contain information about trial counsel's representation involving her knowledge of Guidelines Amendment 487 and her advise [sic] to Thomas on the legal difference between cocaine base and crack cocaine." (Doc. 273 at 12.)

Section 2255 states that "[u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "We have observed that a Section 2255 petitioner's burden for establishing an entitlement to an evidentiary hearing is relatively light." *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (citation omitted). "In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas

8

court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007). On the other hand, no hearing is required if the petition's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 7787, 782 (6th Cir. 1999) (citation omitted). In addition, "the words 'grant a prompt hearing' are not magic words requiring a district judge, who is fully familiar with the circumstances under which a guilty plea was made, to duplicate procedures and conduct a hearing to resolve alleged fact issues which can and should be decided on the record that already exists." *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).

In the instant case, there is no material factual dispute that a hearing could address. Furthermore, since I suggest that Thomas cannot show any prejudice from any alleged failures in his trial counsel's advice, the motion is one where "the files and the records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). I therefore suggest that Thomas is not entitled to a hearing on the allegations raised in his petition.

**F.     Conclusion**

I suggest that Thomas has not alleged any claims that could support a finding that his trial counsel was ineffective, that he was prejudiced by any alleged ineffectiveness, or that the district court proceedings were fundamentally unfair or unreliable. Accordingly, I suggest that Thomas's section 2255 motion be denied.

**III.    REVIEW**

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific

9

written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). See also 28 U.S.C. § 636(b)(1). The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Commissioner of Soc. Sec.*, 474 F.3d 830, 837; *Frontier Ins. Co.,* 454 F.3d at 596-97.

    s/ Charles E Binder
    CHARLES E. BINDER
Dated: November 9, 2011    United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Craig Wininger, and served by first class mail on Damarlon Cenaka Thomas, #42325-039, FCI Elkton, Lisbon, OH, 44432-0010.

Date: November 9, 2011    By    s/*Jean L. Broucek*
    Case Manager to Magistrate Judge Binder